IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

CHARLES CARTER #396340
Plaintiff

Case# 9:25-cv-12357-JD-MHC

V.

ADORA LUCAS 'LT'(Monticello Dorm)

DOE MIMS  "(Classification)"

STEPHEN DUNCAN (BRCI Warden)"

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS ("SCDC)
sued on their endevedual, and officeal capacity.
Defendants

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### I. Introduction

(1). This is a 42 U.S.C. §1983 action filed by Plaintiff Charles Carter a state prisoner alleging violations of its protected constitutional right to be free from deliberate indifference to its safety, failure to protect, Due process, and Denial of access to courts all in violation of its first, Eighth and fourteenth Amendment of the united states Constitution seeking Damages compensatory and punitive as a result to Plaintiff lasting injury, an Injunction relief, Plaintiff seeks $~~1,000,000~~ $1,000,000. Plaintiff also seek Damages for State tort violations under (S.C.T.C.A) negligent failure to protect, gross negligence seeking $250,000. Actual, consequential, special and Punitive Damages.

Entry Number 1        Page 2 of 22

## II. Jurisdiction

②. Jurisdiction of this court is invoked pursuant to 42 U.S.C § 1331, 1343, 1983, 1981, and 1988.

③. Jurisdiction of this court is invoked for supplemental Jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff State tort Claims

④ Jurisdiction is invoked to this court to enforce any and all other Causes, Claims, or Actions not artificially articulated in the complaint.

## III Parties

⑤. Plaintiff, Charles carter was at broad river Correctional Secured facility at the time of the events described in the complaint under the Physical Restraint of SCDC.

⑥. Defendant Adara Lucas " dara, was a Lieutenant in the monticello Dorm at broad river Correctional institution, employed by SCDC. Sued in her individual and official capacity.

⑦. Defendant Doe Mims, Classification which conduct inmate Annual reviews, housing Assignment, custody levels at broad river correctional institution, employed by SCDC, sued in his individual and official capacity.

⑧. Defendant Stephen Duncan, Warden at broad river Correctional institution the overall supervisor of the alleged secured facility Employed By SCDC. sued in his individual and official Capacity.

⑨. Defendant- South Carolina Department of Corrections (SCDC)

10. At all times relevant defendants acted and continued to act under color of state law.

## IV. FACTUAL STATEMENT PERSONAL KNOWLEDGE

11. Plaintiff is a state prisoner, whom was convicted in the state of Wyoming in April-2017. Pursuant to the (ICC) Interstate Corrections Compact, Plaintiff was involuntarily transferred to the physical custody of Defendant-SCDC on Feb-3rd, 2025. I make this complaint on Personal Knowledge.

12. Upon the Constitution as a state convicted person, shall enjoy the right to be free from Deliberate indifference to its safety, security, health and wellbeing, under state law plaintiff shall enjoy the legal Duty of protection by Defendant-SCDC officials from Assaults caused by other inmates, to keep plaintiff safely housed, while providing adequate security, mental and medical care, and again constitutionally free from Deliberate indifference to his safety, security, wellbeing, Contrary to these Legal Dutys owed to Plaintiff, and the constitutional rights clearly Established, was substantially Breached By Defendant-SCDC, Duncan, Lucas and Mims, whom Deprived Plaintiff of these rights and Legal Dutys willfully and wantonly, Resulting in Plaintiff being assaulted, causing lasting scars, Physical and emotional injury, and PTSD.

12. On Feb-3rd-2025 Plaintiff was received at the Kirkland R+E Center of Defendant-SCDC. On march 11th 2025 Plaintiff was transfer to Broad river Correctional Institution, housed in watoree Dorm which on or about mar. 20th-2025 Defendant mims told me I was Level-2 medium custody and would be housed in monticello Dorm, Defendant mims Ensured me monticello was a safe Dorm

(14). Monticello qs reserved for Closed custody Level-3 Inmates only; Its ran by Gangmembers, major Contraband, a highly history of Gung violence, inmate on Inmate assaults Stabbangs which weapons are not retrieved, has inadequate staffing, No building or unit manager, qts highly Dangerous and Defendant-SCDC has failed and cartinue to fail to prevent inmates that are convicted Felons from obtaining and possessing dangerous weapons, Defendant-SCDC and Duncan has failed to adequately here, train and supervise Employes at Broad river correctional austitution, Defendant-Mims was aware of these risk

(15) Defendant-Mims acted with Deliberate indifference to plaintoff safety, security and well-being, by Exposing Plaintoff to these substantial risk of harm as a Custody level-(2) Medrum custody, housing Plaintoff an a Level-3 Closed custody Dorm which had been clearly and well Documented, long standing, pervasive prior to Plaintoff Bed assignment thos violated Plaintoff Erghth Amendment. This Dorm qs knowingly Dangerous

(16). Late March-2025 early April-2025 while in monticello Plaintoff had a verbal Dispute argument with Defendart Lucas and MHO E.wright, beang new to the Dorm I was unaware that Defendant Lucas and MHO E.wright was involved with inmate workers in monticello; thos argument Defendant Lucas sard I was (stuck) I took qt as Ima get stabbed because Defendant-Lucas has hastory of setting inmates up with the uncontroled Gangmembers, from that Day there was a target on my Back

(17). On or about April-11th-2025 I began sending paper request out to major, Contraband about my safety Concerns; Investigatons response vra message forward to warden-Defendant-SCDC failed to Properly train staff to Policy 22-23 which provide a procedural protocol for inmate Safety Concerns; Thus Defendant-SCDC is liable for these inactions and Further when an Inmate request PC he will Be Interview By the highest supervison on Duty Defendant Duncan was

4 of 22

The highest Supervisor on Duty, Defendant Duncan being fully Advised on SCDC and Broad river administrative policys and Procedure failed to take or comply with protocal when any Inmate request / have safety protective custody concerns, the Inmate will be interviewed, thes Demonstrate Defendant-Duncan negligence while holding Investigations Department liable for feeling to follow protocal. Demonstrating reeklessness and Disregard to Plaintiff Health safety.

18. Additionally contraband as Investigations, which have failed in the past to take adequate or basic safety actions when an Inmate presents safety issue, this is a repeated practice at brood river) Resulting in an inmates getting harmd

19. On or about 4-11-2025, Plaintiff message that was sent to Investigations responded with forward to Defendant-Duncan, yet Ducan failed to act

20. on or about 4-14-2025, I verbally consulted with Defendant-Lucas about my Being Denyed Medium custody privilages and concerns about my Safety around closed custody Inmates in a Dorm full of Gangmembers my limited movement to meal room, not being afforded any programing, laundry and the substa substantial shortage of the staff, its not safe, she got mad and walked away from my cell Door, I submitted an Electronic message to Investigations, giving warning that if something happen to me on that form they were liable. On 4-16-2025 the response was forward to Def-Duncan.

21. On 4-21-2025 after I receive information from another Inmate that Defendant-Lucas and MHO wright told their Inmate Co-workers that I was writing stuff up against them, one of the Inmates went and told his Gangmember to stab me, get me out of there, I began receiving Death threats, I wrote Investigations again seeking mental health help, that was Forwarded to Defendant-Duncan and mental health.

22. On 4-22-2025 I sent a (?) to security, on 4-23-2025 security replied Misuse of Secure messages there will be consequences because of my Actions, After reading that message which was a threat I knew

I was being threaten by security staff and that my life was in more Danger. I believe Major hingelton made this threating response.

23). On 4-23-2025 or about that time I was pulled to operations to consult with my lawyer. I told him about all that was going on and how I feel Defendant Lucas and other staff was gonna try and get me Killed, since my outreach to Defendant-Lucas was a b(dead end) and Defendant-Duncan never attempted to adhere to policy and consult with Plaintiff of its safety concerns. I told my lawyer to call the office of General Counsel and tell them I was gonna kill a staff off I Dont speak to a mental health official, not really having any intentions to harm staff, I knew my lawyer was obligated to report such threat, a Day or 2 after I was called to speak to mental health canselor Epps. I explain to her all that was going on.

24) On 4-24-2025 I sent another message to investigations about my safety concerns, asking could I be placed in RHU pending my safety concerns per policy, on 4-29-2025 the response was forward to warden Duncan, Defendant-Duncan yet to act on my fruitfully Concern.

25) Though the security Department and investigations maintained officials that are trained in Defendant SCDC policy + procedures they failed to properly or at all take the steps Required when an inmate make any safety Request Concerns, Defendant- SCDC officials at Broad river has a common practice of neglecting to take adequate actions upon an inmate safety concerns, which has resulted in a number of inmate on inmate assoults which large Dangerous weapons are used by the hands of active violent Gangmembers (See Roth Report)

26). On or about April-25-2025 I wrote office of General counsel about my safety concerns and other constitutional Deprivations.

㉗ On May 6th-2025 I filed another request to security (25-0393430) I fear for my life and safety in monticello Am seeking protective custody, Still this is pending as of Aug-12-2025.

㉘. On May 8th-2025 I received a letter back from office of General counsel, out of all other Complaints, office of General Counsel stated your safety Concerns are being forwarded to warden, Duncan. Consequently Defendant Duncan failed to act, even after Receiving notice By the office of General counsel. see Exhibit-B

㉙. As Plaintiff sought protection which Defendant- SCDC, Duncan, Lucas, and Mims Legally owed Plaintiff, unconstitutionally Deprived plaintiff of its liberty to be free from Deliberate indifference to his safety, Security health, well being, Deliberately Expose plaintiff to the substantial risk of harm by failing to maintain adequate Security and policy enforcement, Plaintiff was subjected to cautive mental Distress as to Defendant-Duncan, Lucas, Mims, + SCDC lack fear that he would be seriously harmed after receiving threats, Of Concern, actions and inactions, leaving Plaintiff feeling hopeless helpless, Scared, to the Point Plaintiff engaged in practicing Islam, thinking the number of muslims would protect plaintiff from any Physical harm awaiting Plaintiff.

㉚ On 5-12-2025 Plaintiff submitted a request to Grievance Department Via Secured message (#25-0393734?) concerning my classification reirest Exceeding 45 days for eq response, how Do I get an Answer to litigate my housing- Grievance Response was: (Bed assignment are Non-grievable

㉛. On 5-24-2025 while going out for a legal call, Defendant Lucas, Mims, MHO wright another staff and one of the inmate workers was on the walk way, I asked mims about me being moved

Defendant-Lucas stated I'm not going no where, but to my legal Call, Defendant-Mims stated "If you keep it up, Ima send you somewhere you Don't want to go" the inmate stated "and it want be hard to Do"! I said I know yall tryna set me up, got me in this unit with all these gangmembers and shanks, Defendant Lucas stated I'm sure its alot of em in there, I continued to operationg which I told staff. I was gonna kill myself if I'm not maced from monticello, I was told by the Assistant it Don't work like that.

㉜ Later that day I sent a request via message #(25-03953833) to security "Major hingelton" giving notice about that threat from Defendant Mims, Lucas, and that if something happens to me in the up coming weeks Defendant-Lucas is liable, sent on 5-24-2025, response on 5-27-2025. Forward to appropriate staff. I Guess to Staff that will care it at care eng ME

㉝. on or about 5-28-2025, or 5-29-2025 at approx 7:00Am Defendant Duncan made rounds in monticello Dorm, as he came pass my Cell 122 I spoke to him, I told him about my Safety Concerns, how I needed to be remoed from under Defendant Lucas supervisions, she's crooked, Duncan said whats your name, I told him my name, Duncan stated I'm aware of your Concerns, and walked off, leaving Indication that he didn't Care and acted with Deliberate disregard indifference to my safety Concerns.

㉞. Between June 6-2025, and June 12th-2025, I was going to medm Services and I would speak to facility staff, officer baker and I talked about my Concerns in monticello Dorm, he also told me that I couldn't get a Job in the Kitchen because Defendant Lucas is Blocking me, sending gangmembers to him. He said she's not suppose to Do that, but she's above his pay,

㉟. on 6-18-2025, I spoke to warden Duncan about my being threaten which he Ignored me.

36. After all Plaintiff attempts to seek protection from a known substantial risk of physical harm, Death threats, and the lack of adequate staffing as Defendant- SCDC, Duncan, Lucas, mfms, recklessly failed to protect Plaintiff, Denied Plaintiff procedural Due process by the negligence of staff, protecting or providing adequate security to Supervise and punish inmates whom are known Gangmembers, or correct the Cautine Risk Exposed to Plaintiff being housed in manticello Dorm, Thus violating of protocal, policy & procedures, which has been a repeated practice at Broad Rier Correctional Institution, SCDC failing to implement appropriate policys Customs and practices, failing to train its Employees, Supervise them Demonstrates Defendant- SCDC liability for the acts of its fired Employees few negligent, grossly negligent, reckless disregard, Deliberately and wanton manner subjected Plaintiff to the Physical Injurys, which was preventable, upon which took place on (June 26-2025). See (Exhibit-A) Evidence of notice.

## JUNE 26-2025 INCIDENT

37. On June 26-2025 in manticello Dorm, at broad river correctional Institution, Columbia South carolina, while Inmates was out for Pod rec Defendant-Lucas failed to have herself or any other Certified officer posted on the wing, and the wing Door was locked, leaving inmates to engage in uncentroled Behaviors As I was threaten by the same inmate that Put me in Fear of my safety as I saught protection from, threaten me with two large knaves as I sat on the steps Due to a prior incident which staff was not in the pod for, Different Gangmembers began watching me.

38. As I get up and Back away from the inmate which held two Shanks, I was trapped at the wing Door which was locked, I Banged the Door, there was no staff available, forcing me to Defend myself against two large shanks with a known Gangmember with prior history of stabbing Inmates this was Done on camera — 159.2

39. The inmate Stabbed me on my back, my left side of the chest and my left wrist, and other cuts and scrapes on my arms, my left wrist was Bleeding so much, I faked as if he hit me on my stomach and went Down, But it was a good enuff act to scare my attacker and he turned and ran off. Video footage Caught him Putting weapons in his wrist.

40. I Remain at the wing Door Knocking, I saw Defendant Lucas, who wright, they came to the Door, seen me holding my wrist Bleeding still failed to act and left me and in the wing with my attacker.

41. Finally capt sims, Lt cook and Sgt Jones come and open the wing Door, I was searched and Excorted to medical without incident.

42. I was not Authorized to go to outside Doctor, NP Brown, Bonnie, stitched me up, my wrist had 4 or 5 stitches, my Back had 4 or 5 and my chest had 4 or 5 stitches, my left side was numb I was giving 2 shots, tylenol, Amoxicillin, and stitched up over the stitches.

43. Defendant Lucas was negligent, grossly negligent and deliberate indifferent to plaintiff health, safety and security which exposed Plaintiff to a substantial risk of harm and violated SCDC policy + procedures by failing to have supervision and the pod while the pod was at fer rec, Defendant Lucas, SCDC and Duncan failed to keep weapons out of the hands of violent convicted felons Contrary, Aidding and abidding the stabbing of plaintiff resulting in permanent scars PTSD as having nightmares of being attacked, Punching the wall in my sleep and emotional Distress, these failures violate plaintiff Substantial Due process and Eighth amendment rights, and S.C.o.S.T.A. 15-78 18ct 89. Defendant Lucas was negligent of her official Dutys to be Posted in the Pod.

44. Defendant Lucas has a close relationship with the gangmembers in monticello, and the inmate that stabbed me is Just one of true few, she let the Gangmembers Do what they want, while not spervision she has history of putting hits on inmates in that Dorm in the past.

45. Defendant- Duncan, Lucas & mims Qs liable for Plaintiff Injurys because SCDC has a policy, procedures practices custom on action takong when an Inmate make safety Qssue complaints, there Polecy and precedure on housing inmates in their appropriate custody housing Bed assignment, and Due to staff shortage and the well Document of such, posed a risk to Plaintiff, Health and safety

46. The Policy & procedures which Defendant. Duncan, Lucas, Mims Is well tramed on are as follow:

1. HR. 11-17 Employee Conduct
2. HR. 11-06 Employee performance managment
3. OP. 22:23 State wide Protective Custody
4. ADM-11-04 Employee corrective action
5. GA-01.13 Inmate Grievance System
6. HR-11-12 Post Shift Assignment
7. OP. 21-04 Inmate Classification Plan.
8. OP-22-47 prison managment -(Warden Dutys).

47. Additionally the evidence which will be sought Qs as follows:

1. Kiosk request and letters
2. Roth report
3. Security Audits
4. Warden Staff meetings agendas
5. Yearly Cantraband confiscation reports
6. Dispositions of Lucas, mims and warden Duncan
7. Any and all other relevant matagial evidence, Video Etc.

48. on 6-26-2025 Due to the undisputed Qssue of staff shortage at Broad raver, Defendant- Lucas ~~having~~ failed to ~~superise~~ protect ~~by merely walking down~~ by not having a certified officer on the wing Durng pod rec, or herself remaining in the Pod Durng rec,

49. Defendant MPMS was Deliberate indifference to my health, safety and security By knowingly making my housing and bed assignment as a medium custody level-2 inmate, in a level 3 Dorm which was violent, and Dangerous and was well Documented, thus violated my Eighth Amendment right, and was grossly negligent, resulting in Plaintiff being Violently attacked, Constituting Negligent failure to protect.

50. Defendant Duncan and Lucas failure to take any action on Plaintiff Safety Concerns while having knowledge of monticello Dorm being violent and the lack of adequate Security and the well Document incidents of inmate on inmate assaults with weapons shanks, and Defendant Lucas acknowledging that there are plenty of shanks in the pod - shows she had Personal knowledge of a substantial risk of harm to plaintiff, Duncan nor Lucas address Plaintiff safety concerns, which is required per SCDC policy and procedure Consciously Disregarding the risk of harm. For lacking of any response

51. It is well settled that the "Eighth Amendment" Prohibition against the Infliction of Cruel and unusual punishments" reaches beyond a prisoner's sentence to "the treatment of a prisoner... in prison and the Conditions under which he is Confined. While that Construction does not mandate comfortable prisons" it does place an prison officials "a duty to protect prisoners from violence at the hands of other prisoners. In short being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Defendents- actions was Clearly Established in Farmer v. Brennan, 511 U.S. 825 833, 114 S.Ct. 1970, 128 L.Ed. 2d 811 (1994)"

52. The June 26-2025 incident, was Violent, Plaintiff was hopeless, forced to endure a battle against a Violent inmate armed with 2 large shanks, in an unsupervised Dorm, is the Product of prison official's deliberate indifference resulting in Plaintiff being Physically harm, injured. Defendant-Lucas, Duncan, MPMS was Deliberate indifferent to Plaintiff health, safety and security. The attack took place in Camera right by the Desk which Defendant Lucas should've Been posted with 2 Certified officers, the neglection of Lucas Dotys caused Plaintiff to almost be killed. (See Exhibit-A) 1-4 pages

53). Defendant Duncan, Mims, + Lucas acted with deliberate indifference to Plaintiff, health, Safety, Security and well-being, which plaintiff has a constitutional right to be free of, Deprived of that right, resulting in serious injuries.

54). Defendant Duncan, Lucas, mims Exposed Plaintiff to a substantial risk of harm by having plaintiff bed assignment be in a closed custody Dorm for level-3 inmates as plaintiff was medium custody Level-2, They failed to act after plaintiff sought help upon its safety concerns Due to threats from other inmates too Plaintiff, and as a result Plaintiff was stabbed, leaving permanent scars PtsD, emotional Destress, & Cuttine fear for its safety under SCDC custoy.

55). Defendant- SCDC, Duncan Violated SCCode-15-78-40 Due to the acts of its employees who acted in negligent, grossly negligent reckless and disregard willful and wanton manner, for failing to properly train the subordinates, which Demonstrates Deliberate indifference, and the failure to adequately train its staff Caused Plaintiff constitutional rights to be violated resulting in Plaintiff being stabbed on 6-26-2025.

56). On 6-26-2025 Defendant Duncan, ScDC, and Lucas failed to keep weapons out of the hands of inmates housed in Monticello (broad river) correctional institution, which Constitute Aiding and abiding Plaintiff being stabbed, it is a common practice for security at broad river correctional institution to knowingly abandon their post, or be in Post During pod rec hours, or to properly request such relief which is a violation of SCDC policy + proced this resulted in Plaintiff being stabbed leaving permanent scaring from the attack, and PTSD.

57). Defendant- SCDC, Duncan, failure to implement appropriate policies, Customs and practices, for failing to prevent inmates from obtaining and possessing dangerous weapons, and failing to adequately train and supervise its employees.

58. Defendant-Duncan, SCDC, mims, Lucas Exposed plaintiff to a substantial risk of being attacked in monticello Dorm, a known violent and Dangerous Dorm preserved for closed custody inmates, with a long standing prevalence and well Documented and expressly noted by prison officals in the past, the ordinary course of business Expose Defendants to the risk.

59. Prior to plaintiff being stabbed, monticello Dorm had many knives and Dangerous weapon,s. SCDC had policy + procedures on housing inmates within their custody level, which after 30 days if an inmate is housed in a closed custody Dorm, the Classification Counselor, Defendant. mims is to take/make Corrective action, here Defendant mims failed to take any action, which deprived plaintiff of its substantial and procedure Due process resulting in plaintiff being stabbed. Bed assignments can not be Grieved!

60. Defendant-Duncan, Deprived plaintiff of its procedural Due process by failing to adhere to the policy + Procedure which governs inmates protective custody/ safety Concerns, resulting in plaintiff being stabbed. This Constitute ministerial negligence act committed by Defendants.

61. Defendant- SCDC, Duncan, Lucas, mims owed plaintiff the Legal Duty to protect plaintiff, was in the physical custody of SCDC and facility supervision of Duncan. and Dorm supervision of Lucas.

62. Deliberately, Defendant-SCDC, Duncan, mims Lucas breached that Duty knowingly by negligence of their official duty supervision and Protection of plaintiff. resulting in plaintiff being stabbed on 6-26-2025

63. As a result of their breach plaintiff was stabbed and left with permanent Scarring, PTSP nightmares etc, Thinking Im being attacked any Sleep, mental Anguish,

14 of 22

(64). After being seen at medical, the inmate that stabbed me was brought in by major hingleten, Lt ward Randy and other Contraband & cert team officer, they let him ~~tought~~ laugh at me thats how I know Defendant-Lucas set me up, I was moved to wateree Dorm, Lt ward asked me what can he Do to make this go away because I had made safety Complaints, and he needed a story to tell head quaters.

(65). on 6-30-2025 after being moved to another Dorm, and being the same shift which seperated my self and the Violent assaltant I was in medical for injury Redress, however staff working in there Lang-O, B, Said I was not on the master sheet but I was good. After being Culled to DHO, and going back to medical, I waited in the holding Cell which was secured at the time, custrin board (Randy ward) came in medical, cam to the gate and stated "bay you Dave open up a can of warms" to leave, the holding Cell was open and not locked, 20 min later the inmate that ~~stabbed~~ was allowed to come to medical, I ~~tout~~ thought he was coming to attack me again being that the holding Cell was open, and staff knew about our recent incident,

(66). we got to fighting in ~~medical~~, ~~redesk~~ major hinfielten, Defendant Duncan Cure, and I was assessed By medical and telling to lock up, while inmate Scott went Back to the Dorm. (See Exhibit-A) Letter From RBB

(67). at no time was the inmate punished for the stabbing, he was allow to go Back to work the next Day after 6-26-2025, Defendant-Lucas had adequate notice of the incident, ~~but~~ failed to ~~even~~ even put him on Cell lock.

68). I Received a charge of a 810 and 808 Fighting with a weapon, I was found guilty of fighting with a weapon but Contrary evidence was the incident report which observed the inmate assault me as I tried to back away, on 7-3-2025 I was recommended for Security Detention (SD) for Striking an Inmate with/without a weapon before even being Charged, The Inmate was Not placed on SD, again this is how I know I was set up By Defendant-Lucas, Duncan knew about it, I was treated differently, Aw Canning, Classification Butler, Qm HP moore, Capt keith Conducted the hearing however I was Denied my Due process this is noted on the up coming lawsuit outside of this.

69). Defendant-SCDC, Duncan, Lucas mims subjected plaintiff to cruel and unusual punishment. (The Eighth Amendment) Prohibition of cruel and unusual punishment was made applicable to the states by the case of Robinson v. California, U.S. Sup. S.Ct (1962).

70). Defendant-Lucas, Duncan, Mims is not entitled to immunity Because they Violated their own policy + procedure which as Employed By SCDC is required for all its Employees to know the policy and procedures which is an operational functions.

71). Defendant-Duncan being the warden over all responsibility to ensure that Plaintiff and all prisoners basic needs are met see O.p 22-47 warden Dutys) had Duncan take basic security and safety staffing measures, which would have reasonably prevented the violent Custodial attack on plaintiff.

72). since the 6-26-2025 incident, Plaintiff being a level 2 on a closed Custody Dorm pass 30 days, and eventually assaulted By a level-3 inmate, when a Inmate in monticella has their annual review and make their Level-2, their immediately transfered, well within a week or two, this shows that Defendant mims, Duncan lucas knew they was in the wrong and is liable

(73). On 7-13-2025 while housed on back up Saluda, I was approached by an inmate that was gang related to the inmate that stabbed me, he asked me what did I and his homie have going on, I told him he was fucking wit one since being on monticello. the gang member told me that it's blood everywhere on SCDC and that I need to watch my back, that they was from charleston, I begun to find out that the inmate had ties with alot of SCDC staff, ~~strike~~ ~~strike~~ ~~strike~~ Especially in Lee County, Liebran, and realizing that I'm not safe no where in SCDC custody.

(74). Due to the fight, Lt ward had me STG on 7-18-2025, he made a statement as to that it's not personal, it's business, want to I get to Lee County. Everyone covered for my attacker, it wasn't gang related.

(75). On 8-26-2025, or 8-27-2025 I was transferred to Lee County, Lock up, immediately approached by staff that recently transfer from working at Broad river, that also have close ties with the inmate, and MHO wrights, and Lucas, thus my food is being tamper with, on 8-29-2025 turning up, my heart was beating so fast, I sought medical attention but it was inadequate treatment, I fear for my continue stay in SCDC custody, and the threat of imminent harm is likely and active.

(76). At all times relevant Defendants Lucas, mims, Duncan acted under color of state law individually and officially capacity as a Lieutenant, Causelor and warden with the South Carolina Department of correction SCDC and his and her acts and omissions were conducted within the scope of and outside the scope of his or her official Duties and employment,

77. Defendants Deprived Plaintiff of its constitutional rights under the Eighth and Fourteenth Amendment of the united states Constitution thus their negligence was ~~proximy~~ proximity cause of Plaintiff injurys and herein now Plaintiff Demands the federal claims and statetort causes of action which entitle Plaintiff to Judgment as a matter of Law.

# Ⓐ FEDERAL CLAIMS

78. Claim one - Deliberate indifferent to Plaintiff health safety and security resulting in Physical injurys and permanent Scarring - Defendant - Mimi, Lucas, Duncan, acted with Deliberate indifference by knowingly housing Plaintiff in a high risk Closed custody Dorm as a Level 2 inmate, as the Dorm has an undisputed Document history of violence, Gang-activity, short staffing Contraband, and Dangerous weapons, this knowingly Exposed Plaintiff to the risk of substantial harm resulting in plaintiff being assaulted, Deprived Plaintiff of his right Guaranteed to be free from Deliberate indifference in violation of its Eighth and fourteenth Amendment rights.

79. Claim two - Failure to act, Failure to protect against Defendant - Duncan, Lucas, SCDC - after receiving the many notices of Plaintiff safety and Protective custody concerns as trained Employees of SCDC Defendant Lucas and Duncan acted with Deliberate indifference to Plaintiff health, safety and security by failing to take any action required upon notice of an inmate safety caplaints, this exposed Plaintiff to a substantial risk of harm to its health Safety + security resulting in Physical injurys and permanent Scarring Deprived Plaintiff of its Eighth and fourteenth Amendment rights.

80. Claim three - Deliberate indifference to plaintiff bed assignment and housing - Defendant - mims acted with Deliberate indifference by Assigning Plaintiff bed and housing in a Closed custody Dorm Level-3 as Plaintiff was Level-2 medium custody, knowingly subjecting Plaintiff to a substantial risk of harm, and was Deliberate indifferent to plaintiff health, safety and security Deprived Plaintiff of his

right Guaranteed to be free from Deliberate indifferent, in violation of its Eighth Amendment right, this also violate plaintiff procedural Due process because he failed to follow policy & procedure the process he was to take Corrective action when housing an inmate outside Custody level in violation of its fourteenth amendment resulting in plaintiff being stabbed on 6-26-2025.

(81) Claim four - <u>Failure to protect</u> against Defendant-Lucas, Duncan, SCDC and mims, the incident on 6-26-2025 when Plaintiff was stabbed was a result to Defendant-Lucas failing to be station on post During pod rec or have 2 certified officers posted on the wing, had there been security on the wing Plaintiff would have not got stabbed right by the security Desk, Deprived plaintiff of its <u>Eighth Amendment</u> right to be free from Deliberate indifferent to its health safety & security, Lucas knowingly abandon being posted on the wing during Any pod rec violated policy and procedure and she knew the risk exposed to plaintiff resulting in Plaintiff being stabbed Physical injury and permanent Scarring, PTSD mental Anguish, Emotional Distress.

(82) Claim five - <u>Supervisor liability</u> to Claim four against Defendant Duncan and SCDC, warden Duncan and SCDC failed to Make any and Corrective action upon the Documented widespread of abuse, staff shortage, Staff abandoning their Post, Demonstrate Deliberate indifferent to the unreasonable risk of constitutional injury - Plaintiff being stabbed, Duncan and SCDC has failed to properly train its Subordinates which actually violated plaintiff rights, this illustrated Deliberate indifference and the failure to train caused Staff to violate plaintiffs rights, Defendants was Placed on adequate notice before the 6-26-2025 incident, and failed to take basic security and safety staffing measures that would have reasonably prevented the attack against Plaintiff Leaving Defendant-SCDC and dun liable for Failure to protect Eighth Amendment Violation and Fourteenth Amendment Due Process.

(83) Claim Six - Any and all claims Plaintiff failed to adequately articulate In the complaint the Courts liberally Construe complaint.

<u>S.C. STATE TORT CAUSE OF ACTION</u>

(84) Cause of Action One - Negligent failure to protect against Defendant

Lucas, Duncan and SCDC — Defendant Lucas failed to have remain posted on the wing During Pod rec, she failed to keep Dangerous weapons out of inmates possession, and failed to take any Action upon plaintiff safety concerns, Duncan failed to keep weapons out of inmates hands which these failures at broad river is a common practice for staff to abandon their post without proper relief in violation of SCDC policy & procedure Constitute negligent failure to protect in violation of SC, Code Ann §§ 15-78-10 et seq, resulting in physical injury and permanent scarring of plaintiff, PTSD, Emotional Distress.

(85) CAUSE OF ACTION TWO — SC Code Ann §§ 15-78-10 et seq against Defendant SCDC and Duncan — inmates are allowed to run free and commit whatever Crimes without fear of punishment, or preventive actions to step their behavior, SCDC and Duncan has failed to keep weapons at the hands of convicted felons housed at Broad river Correctional institution, Allow staff to abandoning their post without proper relief, a common practice, in violation of policy & procedure, failing to provide protection and adequate staffing security, failure to implement Appropriate policies, customs and practices exposed failing to adequately train and supervise its Employees, failure to keep the well Documented practice of inadequate basic security measures and failure to make corrective actions against female staff whom build inappropriate Relationships with inmates Constitute the tort against Duncan and SCDC for the acts of its employees who continuen to be negligent, grossly negligent reckless disregard, willful and wanton manner which caused plaintiff physical injury, and permanent scarring from the attack. Additionally, These violated plaintiff Due process for failing to train and supervise its employees as well as cruel and unusual punishment. the substantial risk of inmate attacks was long standing pre-versive well Documented and Expressly noted by prison officials in the past. these Duties was legally owed to Plaintiff, but Breached, Causing injury.

(86) CAUSE OF Action three — ministerial Negligence against SCDC, Duncan, Lucas, mims, the failure of SCDC to maintain adequate staffing, violates the stipulation of the compact which legally authorize plaintiff stay in SCDC custody, the failure Of Lucas, Duncan, mims to follow there policy & procedure and protocal, breaches the Legal Dutys i. Defendant Lucas failure to follow protocal to remain on wing During Pod rec, failure to have plaintiff in the right custody Dorm. Deliberate indifference

failure to keep Dangerous weapons at of inmate possession, failing to act upon plaintiff Safety Concerns shows Deliberate ministerial negligence resulting in plaintiff being attacked, physically injured and permanent scarring.

(87). CAUSE of action four - ~~Aiding~~ Aiding and ~~abiding~~ abiding Criminal violation against Duncan Lucas for failing to keep weapons at of inmates that are Convicted Felons hands, failing to prevent these gangmembers from getting weapons and failing to retrieve weapons inmates use in past attacks that are still actively being used today.

(88). CAUSE OF ACTION FIVE - ANy and all other causes of action, claims, arguments not specifically artificially articulated in the complaint. this court liberally Construe, while authorizer ~~of~~ Defendant adequate time to respond to such.

## RELIEF REQUESTED

(89) WHEREFORE Plaintiff pray the court grant the relief requested as follows:

(A) INJUNCTION against SCDC to immediately withdraw its agreement which authorize Plaintiff be housed in its Physical Custody Due to the negligent and well Documented indisputed in adequate staff, needed to ensure Plaintiff safety and security. Transferring Plaintiff back to wyoming

(B). DECLARATORY JUDGMENT *Against - SCDC for its pattern of uncontrolled violence is negligence and a threat to the inmate Population, violates SC code Ann §§15-78-10 et seq and the Eighth Amendment

*Against Lucas - failed to protect Plaintiff by grossly negligent failure to be on the wing in violation of SCDC policy + procedure resulting in plaintiff rights being violated and physical injury permanent scars violate the Eighth Amendment

21 of 22

C) Declaratory Judgment. against- SCDC that its failure to keep weapons out of Dangerous violent inmates possession, SCDC officials are liable for aiding and abiding inmate on Inmate assaults violate the Eighth Amendment, and warrant a Criminal Investigation Into SCDC policys, procedures, Custom, practices, training.

D). Actual, Consequential, special, compensatory and punitive Damages, against SCDC, mgm, Duncan, Lucas Jointly and serverly for the negligence, grossly negligence, Deliberate indifferent. and failures which lead up to Plaintiff being stabbed Causing lasting permanent scarring 3 stabb punctures and 15 stitches, In the amount of - ~~$1,000,000.~~ 1.2 millan ~~million~~ Dollars included punitive Damages, Cost and attorney fees.

E) Plaintiff request its right to amend the complaint If need to be Done with appointed of counsel.

F). Any and all other releef the court Deems appropreate.

Pursuant to 28 USC § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Date - Sept 1st 2025
Charlie h carter #346340
Lee county correctional Institution
990 wesacky Hwy
Bishopville, SC. 29010