IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED USDC
CLERK, CHARLESTON, SC

2026 JUL 21 AM 8:48

Charles Carter
Plaintiff

V.

Adara C. Lucas et, al.
Defendant(s)

Civil #9:25-cv-12357

MOTION TO COMPEL DISCOVERY

MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 34(b) AND 37(a) FED.R.CIV.P.

The plaintiff, in pro se moves the honorable courts for an order compelling the defendants to produce for inspection and copying the documents requested on MAY 16, 2026, MAY 26, 2026, And the Answers to Interrogatories under oath in the same, Defendants has either failed to answer to Plaintiff Discovery, failed to produce discovery, failed to provide signatures, and provided plaintiff with information wholly in relevant to its request.

STATEMENT of facts

①. Plaintiff timely submitted Discovery requests to defendants on May 16th, 2026, and May 26, 2026. Productions and interrogatories.

②. After being granted an Extension once, and requesting a second one which included its request to respond to All of Plaintiffs request by July 2nd, 2026, Defendants on July 2nd, failed to Answer to plaintiff Discovery, failed to provide requested Discovery, and submitted a large amount of non-related Documents while seeking a protective order.

(3). The Interrogatories was provided for answer under oath by Defendant Lucas, Defendant, Duncan, and SCDC, Neither Defendant provided signature of their interrogatories in violation of Fed rules of civil procedures Rule ______

(4). Herewith attached as Exhibit. A, and Exhibit-B. is a copy of the Discovery request Plaintiff seeks to compel. Exhibit-A is Plaintiff first request for production of Documents #1-10 as follows:

(1). defendants you will produce - copies of any and all reports, studies, memorandums, and/or other documents developed by SCDC or any outside individual entity regarding safety and security at SCDC Correctional facilitys.

Response - Defendant objects to the request as vague, overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Grounds to Compel - This discovery request is relevant to plaintiff claims, and is discoveryable, and Defendants Dont raise a safety or security concern of why such Discovery can not be provided and thus waive that argument, the Courts shall compel this Discovery. Additionally Defendant Mims has failed to Answer Discovery.

(2). Un-redacted version of the (roth report) its not confidential in relation to mental health settlement.

Response: Defendants objects to this request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects in line with Defendant's motion for protective order.

Grounds to compel - The court found under priester v. SCDC 2019 WL9359727 That the roth report is only tangentially related to the mental health settlement and is not covered by the confidentiality provisions of the mental health settlement, The courts found it to be [redacted] Discoverably, and its relevant to Plaintiff Claims. Additionally Defendant Mims has failed to Answer plaintiff Discovery.

(3). Kiosk electronically stored messages: bed assignment 25-03883557, investigations 25-03900297, security 25-03905473, investigation 25-03902261, investigation 25-0391164, security 25-03912664, investigation 25-03916391 security 25-03930430 security 25-03939938 Legal 25-03993084, Legal 25-0399 5001, grievance 25-04206883 and, security 25-03953833. The production request includes both sending and replys/responses. Produce the messages.

Response: In response to this request, Defendant is producing to Plaintiff the entirety of his kiosk requests and paper requests to staff, bates number 11069-D 00001 to 00520 and 11069-E-00001 to 00076.

Grounds to compel - plaintiff Did not received the paper request submitted to major and other staff in April, 2025, Additionally Defendants submitted unnecessary Documents that was irrelevant. however Plaintiff would like to thank Defendants for information related to its Lawsuit against Perry officials.

(4). NO Contest.

(5). Produce SCDC operating procedure Prison Management O.P. 22.47, employees Corrective actions A.D.M. 11.04, and attachment, 11.06, GA-01.13 grievance system, O.P 22-23 protective custody

response Defendants objects to this request in line with Defendants' motion for protective order, Defendant further objects on the basis that Plaintiff has access to these through other means, as outlined in that motion.

Grounds to compel - O.P. 22.47 outlines Defendant Duncan wardens Duties and responsibiltys its relevant to plaintiff claims and Duncans personal knowledge and failures. Employee Corrective actions A.D.M 11.04 and attachments outlines Defendant, Duncan, Duties and responsibiltys, and Defendant Lucas Duties and Conduct Prohibits. the attachments is like a Disciplinary list for staff, This is relevant to Claims againts Duncan and Lucas. The policie 11.06 is related and relevant, GA-01.13 grievance System, will prove that the incident was Comprimised from the start by SCDC officials, and O.P. 22-23 protective custody is relevant to the Extent Defendants argue they had not specific knowledge of an issue, They failed to take main actions required upon an Inmate having safety related concerns, Plaintiff is being Denied access to these policies and at the least the court shall order these Policie be order incamera review by the courts.

#⑥ Produce any and all SCDC policy and procedures which govern instructions on staff posting on wing. The procedure when leaving wing and requirments when inmate are not locked down.

Response: Defendant objects to this request in line with defendant's motion for protective order. Defendant further objects on the basis that plaintiff has access to these through other means, as outlined in that motion. Finally defendant objects on the basis that this request is vague and compond.

Grounds to Compel - This request for production is discoverable, is relevant to plaintiff claims and plaintiff Do not have access through other means but through discovery and compelling thereof, its admissable and assist plaintiff at summary Judgment stage. Additionally Defendant Mims has failed to Answer to plaintiff Discovery.

⑦. Produce all documents created on 6-26-2025 pretaining to plaintiff being stabbed including: all incident reports, emails, medical records, photos, responses, MIN entrys, contraband reports, video footages monticello Dorm left side camera 159.2 or 159.82 and 159.9 or 159.99. notes, and or reports to headquarters.

Response - Defendant objects — relevant incident reports, medical records, MIN, Central inmate record.

Grounds to Compel - Defendants failed to produce emails related to plaintiff being stabbed, contraband reports, video footage of the stabbing and reports made to headquarters related to plaintiff being stabbed, these request are relevant, is discoverable, and will assist plaintiff at summary Judgment stage and trial for a Jury to see, review.. Additionally Defendant mims has failed to answer to plaintiff Discovery.

⑧. Incident reports concerning inmate on inmate assaults in monticello Dorm prior to 6-26-2025, If you will just produce a correct number of assaults in monticello.

Response - Defendant objects to this request as overly broad, vague, compound, not reasonably calculated to lead to the discovery admissible evidence, and seeking irrelevant materials. Defendant further objects in line with defendant's motion for protective order.

Grounds to Compel- This request is relevant and is discovery-able as its related to plaintiff claims and can provide if not Direct evidence, it will provide Circumstantial evidence supporting issue taking place before Plaintiff was Stabbed this court has also recognized such evidence relevant in other Lawsuits filed concerning inmates being stabbed. Additionally Defendant mims has not Answered plaintiff discovery. This request is not covered by Defendant protective order motion.

9. Monticello Log sheets, Post directives and counts on 6-26-2025

Response - Defendants object to this request as compound, however notwithstanding that objection and reserving the same, Defendants reserve the right to supplement this response.

Grounds to compel- monticello Log sheets, is relevant to Plaintiff claims against Lucas, post directives will show that the warden assigned lucas to post on the day of incident, and counts will show that of admissible evidence against both Duncan and Lucas, and will Wholly assist Plaintiff at summary Judgment and trial. this information is discoverable. Additionally Defendant. mims has not answered to Plaintiff discovery. This request is also not covered by Defendants protective order motion.

10. Phone call logs outgoing and incoming from Defendant Lucas to contraband, warden, Cert team, investigations Capt sims, other lieutenants and any Communications between officials at headquarters related to the incident on 6-26-[redacted]2025.

Response - Defendants object to this request on the grounds it is vague and compound. Defendants further object in line with their motion for protective order Notwithstanding that objection and reserving the same; after good faith inquiry, Defendant is not in possession of responsive material. Defendant reserves the right to supplement this response.

Grounds to compEL - This request is discoverable, relevant to Defendant lucas actions taking on 6-26-2025, her communications there after and can assist Plaintiff in proven Personal Knowledge, Cover ups, E.t.c, can assist Plaintiff at summary Judgment and trial. is not a Direct request for production towards Defendant-lucas, SCDC has this information. will not comprimise security or create a safety issue, and is not covered by Defendants

protective order motion. Additionally Defendant mims has not Answered to Plaintiff discovery.

(11). Exhibit-B is Plaintiff Interrogatories Directed towards Defendant Lucas and Duncan and production of Documents, Defendants has failed to provide their Signature upon Answering their interrogatories as one issue, #2 Defendant mims has failed to Answer to plaintiffs Discovery, Plaintiff only provide as follows the contested Interrogatories and productions as follows, there are a total of 33 request altogether.

#1) No Contest Except Lucas failed to provide her signature and defendant mims not in caption.

#2 This response is Damaging, Plaintiff contest the failure of Defendant Lucas Signature under oath.

#3 is also not contested, and is Damaging to Defendants other Discovery Answers.

#4 No contest

#5. No Contest

#6. Interrogatory #6 Defendant Lucas between Mar-2025 - June 2025 in monticello Dorm left side how many routinely or random cell searches was conducted.

Response - Defendant objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence notwithstanding that objection and reserving the same: Cell checks were done frequently with multiple occurring a each day. Further, officers will check an inmates cell every time the door is opened, these are not subject to a set schedule.

#7 produce any and all related documents of cell searches in monticello Dorm left side between Mar-2025 and June 2025

Grounds to compel - Plaintiff narrows this production to cell searches conducted in the month of June-2025 only, its relevant and discoverable to Plaintiff Claims.

#8 No contest accept for Defendant Lucas signature under oath.

#9. No contest accept for Defendant Lucas signature under oath.

#10. No signature under oath

#11. Need signature under oath of Defendant Lucas

#12. Please supplement this response Defendant Lucas, the police is post orders.

#13. No contest.

#14. No contest accept signature of Defendant Lucas.

#15. Genuine issue of material facts.

#16. No contest accept signature of Defendant Lucas.

#17. No contest accept for Defendant Duncan signature under oath.

#18. Produce any and all documents that support your cottiming and summarize of those facts.

Response - Defendant objects to this request as vague, unduly burdensome and overly broad; however, notwithstanding that objections and reserving the same: Defendant has produced all responsive documentation.

Grounds to compel Defendant, has not produce all documents, no emails, no phone logs, counts, reports to headquarters,.

#19 No contest accept for Defendant Duncan signature under oath

#20 Interrogatory #17 Defendant Duncan outline what actions you took as a warden upon plaintiff safety concerns?

Response: Defendant objects to this request as vague. notwithstanding that objection and reserving the same: see response to request 14

Grounds for compel– The record shows that Defendant Duncan received notice of plaintiff safety concerns period, wherefore the courts shall order Defendant to outline what actions he took. and that his outline be supported by his signature under oath.

#21. Produce the name of the sources that gave you adequate notice upon Plaintiff safety concerns and author.

Response – Defendant objects to this request as vague, notwithstanding that objection and reserving the same: See response to request 19.

Grounds to Compel – Defendant Duncan shall be compelled to produce the name of the sources that provided him notice of plaintiff safety concerns as the record shows such notice was provided. its relevant, and discoverable

#22. Interrogatories #18 Defendant Duncan upon the kiosk stored messages on 4-16-2025 security Dept, 4-16-2025 investigations, 4-18-2025 facility dept, 4-23-2025 security department, 5-12-2025 security department, #25-03905 473, #25-03902261, #25-03905461, #25-03912664 and #25-0393043 which indicated my concerns was forwarded to the warden, at all times you was the warden at broad river Correctional institution correct?

Response Defendant objects to this request as compound, notwithstanding that objection and reserving the same: Defendant Duncan was warden during the referenced time frame.

#23 Interrogatories #19 Defendant Duncan explain what actions Did you take after receiving these forward notifications of Plaintiff safety concerns?

Response Defendant objects to this request as vague, notwithstand that objection and reserving the same: see responce to request #19.

Grounds to Compel – The request is relevant to Defendant Duncan Duties and responsibilitys as a warden, is Discoverable and is pretaining to Plaintiff claims and needed to assist Plaintiff at summary Judgment and trial, and needs Duncan signature under oath. This need response.

#24 Interrogatories # 20 Defendant Duncan the office of General Counsel provided that my safety concerns was forwarded to the warden (That's you Mr. Duncan) explain what actions you took after this notification from the office of general counsel?

Response: Defendant objects to this request as vague, notwithstanding that objection and reserving the same: see response to request 14.

Grounds for Compel: Defendant shall be ordered to respond to this interrogatorie as it is relevant and related to Plaintiffs claims.

#25- ~~Interrogatories #21 Defendant Duncan~~ NO Contest accept for Duncans signature under oath

#26 Interrogatorie # 22 Defendant Duncan and as the warden at Broad river Correctional institution, did you have notice of the roth report prior to the incident on 6-26-2025?

Grounds to compel- Plaintiff request a more definite response from Defendant Duncan, with his signature under oath.

#27 Interrogatories # 23 Defendant duncan prior to the 6-26-2025 incident when Plaintiff was violently attacked was there any documentations of gang violence, inmate on inmate assaults, major contraband, dangerous weapons and staff shortages at broad river correctional institution?

Response — in part — These issues have existed in monticello Dorm in the past Just as they have existed in nearly every prison in existence.

Grounds to compel — Plaintiff request a more definite statement, the interrogatorie was concerning Broadriver Correctional Institution.

#28 - produce relevant monthly statistical data, shift reports, Band Log Books Contraband related incident reports including weapons at BRCI.

Response — Defendant objects to this request as overly broad, vague, compound, seeking irrelevant materials and not reasonably calculated

to Lead to the discovery of admissible evidence

Grands to Compel - This request is material, and relevant to plaintiff Claims, and is needed to assist Plaintiff in or at summary Judgment Stage and trial and this information is discoverable.

#29 interrogatorie #24 Defendant Duncan upon O.P. 22.47 prison management expectations Section 4, warden responsibilities outline for plaintiff your responsibilitys?

Response - Defendant Duncan craves reference to the reference policy as the Best evidence thereof,

Grands to Compel - Plaintiff Demand a more Definite Statement related to the interrogatory - as its relevant, related to Plaintiff Claims against Defendant Duncan, and is Discoverable, and will assist Plaintiff at summary Judgment stage and trial.

#30 produce that policy

Response - defendant objects to this request as vague, notwithstanding that objection and reserving the same. Please see Defendants response to request 29 above.

Grands to Compel - Please see Plaintiff Grands to compel at #29.

#31 interrogatorie #25 Defendant Duncan do you agree that staffing Shortage at Broad river Correctional institution Creates a safety and security risk to inmates and staff?

Response in part - under staffing at any institution is not ideal...

Grands to compel - Plaintiff Demand a more Definite statement related to staff shortage at Broad river correctional institution, this response also needs to Be signed by Defendant Duncan under oath.

#32 Interrogatories #26 Defendant Duncan on 6-26-2025 was Defendant Lucas actions or inactions in-compliance with SCDC missions and goals?, policy and procedures

Response — Defendant objects to this request as vague and compound. Notwithstanding that objection and reserving the same, Defendant Duncan is unaware of any specific policy violations.

Grounds to compel — Plaintiff Demand a more Definite statement Directed or related to the interrogatories who was a specific policy violated

#(33). No Contest Except for Defendant Duncans signature under oath.

(34). WHEREFORE Plaintiff Prays the honorable courts grant Plaintiff motion to compel Defendants to produce the relevant admissible evidence and Documents, and Further provide a more Definite Statement to said interrogatories under oath with Defendant Lucas and Duncan handwritten signature under penalty of perjury.

Date- 7-11-2026
Charles L Carter 346340
PCI- D-x 12
430 oak lawn rd
Pelzer SC 29669