RECEIVED USDC
CLERK, CHARLESTON, SC
2026 JUL 21 AM 8: 48

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Charles Carter,<br><br>Plaintiff(s),<br><br>v.<br><br>Adora C. Lucas, Stephen Bruce Duncan, and South Carolina Department of Corrections,<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 9:25-cv-12357<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION** |

TO: CHARLES CARTER, #396340, *PRO SE* PLAINTIFF:

Defendants respond to Plaintiff's Interrogatories and Requests for Production pursuant to Rule 33 of the Federal Rules of Civil Procedure as follows:

1. Interrogatorie (sic) #1 Defendant Lucas – outline and summarize the facts of what actually happend (sic) to Plaintiff on 6-26-2025 in Monticello Dorm.

**RESPONSE: Defendant objects to this request as vague. Notwithstanding that objection and reserving the same: on June 26, 2025, at approximately 10:50 AM, Defendant Lucas observed Plaintiff bleeding at the wing door. Unaware of what precipitated this situation, Defendant Lucas called for assistance, prompting assistance from other officer. Once staff was in place, the wing door was opened and Plaintiff walked into the sallyport. He was frisked and searched and escorted to medical without incident. Plaintiff then received medical care.**

2. Interrogatorie (sic) #2 Defendant Lucas explain why was the wing door locked, and no security on the wing while inmates was out during pod/dorm recreation on 6-26-2025.

**RESPONSE: Defendant objects to this request as vague and compound. Notwithstanding that objection and reserving the same, the wing door is supposed to remain**



Exhibit. B

**locked at all times. Security had just stepped off of that side of the wing to address the movement of inmates on the other side of the wing.**

3. Interrogaatorie (sic) #3 Defendant Lucan on 6-26-2025 when you observed Plaintiff heavily bleeding at the locked wing door why didn't open the door.

**<u>RESPONSE</u>: Defendant Lucas needed to call for assistance before opening the wing door, as she was unsure of the situation and, accordingly, assistance was needed to ensure safety of inmates and staff.**

4. Interrogatorie (sic) #4 Defendant Lucas as a Lieutenant over Monticello Dorm what is your mandatory or affirmative goals, duties, responsibiltys (sic) pertaining to the safety and security of the inmate population your (sic) required to supervise.

**<u>RESPONSE</u>: Defendant Lucas objects to this request as vague, compound, seeking a legal conclusion, and seeking the mental impressions of counsel. Notwithstanding that objection and reserving the same, Defendant Lucas strives to achieve the goal of ensuring the safety of all inmates, officers, and staff at the South Carolina Department of Corrections.**

5. Interrogatorie (sic) #5 Defendant Lucas on 6-26-2025 did any of your dorm assigned workers bring to your attention that there was something going on between Plaintiff and the inmate that stabbed Plaintiff? Please outline what was said and who that inmate was his name.

**<u>RESPONSE</u>: No.**

6. Interrogatorie (sic) #6 Defendant Lucas between March 2025 – June 2025 in Monticello Dorm left side how many routinly (sic) or random cell searches was conducted.

**<u>RESPONSE</u>: Defendant objects to this request as overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding that objection and reserving the same: Cell checks were done frequently, with multiple occurring a each day. Further, officers will check an inmates cell every time the door is opened. These are not subject to a set schedule.**

7. Produce any and all related documents of cell searches in Monticello Dorm left side between March 2025 – June 2025.

**<u>RESPONSE</u>: Defendant objects to this request as vague, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding that objection and reserving the same, if Plaintiff narrows this request, Defendant can assess if such a production is feasible or objectionable.**

8. Interrogatorie (sic) #7 Defendant Lucas in April or May 2025 in Monticello Dorm right side was an inmate stabbed and A team response was called? The inmate stabbed was a white male.

**<u>RESPONSE</u>: Defendant objects to this request as vague; however, notwithstanding that objection and reserving the same: Defendant Lucas does not recall this incident.**

9. Interrogatorie (sic) #8 Defendant Lucas what is the A team response, and what are at least (5) five reason they are called to a dorm for assistance?

**<u>RESPONSE</u>: Defendant objects to this question as vague and compound. Notwithstanding that objection and reserving the same, "A Team" generally refers to officers called when an officer cannot handle a situation alone. This could occur when an officer requires more assistance, does not know what is going on, inmates are fighting with weapons, an inmate is refusing directives, or any other disruption in the officers discretion.**

10. Interrogatorie (sic) #9 Defendant Lucas who did you call for assistance on 6-26-2025 pertaining to this incident.

**<u>RESPONSE</u>: Defendant Lucas did not call for any specific person. That said, upon review of the relevant materials, it appears that Capt. Sims and Lt. Cook responded to Monticello Unit. Thereafter, Capt. Sims, Lt. Cook, and Sgt. K. Jones escorted Plaintiff to medical while Major Hingleton and Captain Jones went into the unit to assist with locking down.**

11. Interrogatorie (sic) #10 Defendant Lucas after visually seing (sic) Plaintiff heavily bleeding why you never called A team response for assistance?

**<u>RESPONSE</u>: Defendant objects to this request as vague; however, notwithstanding that objection and reserving the same: Defendant Lucas recalls that she did call for A Team response.**

12. Interrogatorie (sic) #11 Defendant Lucas are you aware of any policys (sic) procedures, directives, memos, customs, orders, Guidelines concerning staff being on post in the dorm during inmate inside and or outside recreation.

**<u>RESPONSE</u>: Defendant objects to this request as vague; however, notwithstanding that objection and reserving the same: Defendant is currently unaware of the specific policy and will attempt to supplement this request.**

13. Produce those documents concerning the language of specific procedures.

**<u>RESPONSE</u>: Defendant objects to this request as vague. Notwithstanding that objection and reserving the same, Defendant is currently unaware of the specific policy and reserves the right to supplement this request.**

14. Interrogatorie (sic) #12 Defendant Lucas prior to 6-26-2025 did Monticello dorm have history of Gang violence, inmate on inmate assaults, contraband, if security shortages, etc.

**<u>RESPONSE</u>: Defendant objects to this request as compound. Notwithstanding that objection and reserving the same, these issues have existed in Monticello Dorm in the past, just as they have existed in nearly every prison in existence.**

15. Interrogatorie (sic) #13 Defendant Lucas did you have any knowledge what so ever of plaintiff safety concerns while he was based in Monticello Dorm.

**<u>RESPONSE</u>: Defendant objects to this request as vague. Notwithstanding that objection and reserving the same: no.**

16. Interrogatorie (sic) #14 Defendant Lucas can an inmate us the Kiosk to make safety and protective concerns to staff?

**<u>RESPONSE</u>: Yes.**

17. Interrogatorie (sic) #15 Defendant Duncan outline and summarize the facts of what actually happen to plaintiff on 6-26-2025 in Monticello Dorm?

**<u>RESPONSE</u>: Defendant objects to this request as vague. Notwithstanding that objection and reserving the same: Defendant Duncan did not personally observe the incident; however, upon information and belief: on June 26, 2025, at approximately 10:50 AM, Defendant Lucas observed Plaintiff bleeding at the wing door. Unaware of what precipitated this situation, Defendant Lucas called for assistance, prompting assistance from other officer. Once staff was in place, the wing door was opened and Plaintiff walked into the sallyport. He was frisked and searched and escorted to medical without incident. Plaintiff then received medical care.**

18. Produce any and all documents that support your outlining and summarize of those facts.

**<u>RESPONSE</u>: Defendant objects to this request as vague, unduly burdensome, and overly broad; however, notwithstanding that objection and reserving the same: Defendant has produced all responsive documentation.**

19. Interrogatorie (sic) #16 Defendant Duncan between April 2025 – June 25th- 2025 Did you receive any notices from any source concerning Plaintiff safety related concerns?

**<u>RESPONSE</u>: Defendant objects to this request as vague; however, notwithstanding that objection and reserving the same: Defendant is unsure of exact concerns, though his office could have received some. That said, Defendant denies any specific notice or knowledge of any valid security concerns.**

20. Interrogatorie (sic) #17 Defendant Duncan outline what actions you took as a warden upon plaintiff safety concerns.

**<u>RESPONSE</u>: Defendant objects to this request as vague. Notwithstanding that objection and reserving the same: see response to request 19.**

21. Produce the name of the sources that gave you adequate notice upon plaintiff safety concerns and the author.

**<u>RESPONSE</u>: Defendant objects to this request as vague. Notwithstanding that objection and reserving the same: see response to request 19.**

22. Interrogatorie (sic) #18 Defendant Duncan upon the kiosk stored messages on 4-16-2025 security Dept, 4-16-2025 investigations, 4-18-2025 facility department, 4-23-2025 security department, 5-12-2025 security department #25-03905473, #25-03902261, #25-03905461, #25-03912664 and #25-0393043_ which indicated my concerns was forwarded to the warden, at all times you was the warden at Broad River Correctional Institution correct?

**<u>RESPONSE</u>: Defendant objects to this request as compound. Notwithstanding that objection and reserving the same: Defendant Duncan was warden during the referenced timeframe.**

23. Interrogatroie (sic) #19 Defendant Duncan explain what actions did you take after receiving these forward notifications of plaintiff safety concerns?

**<u>RESPONSE</u>: Defendant objects to this request as vague. Notwithstanding that objection and reserving the same: see response to request 19.**

24. Interrogatorie (sic) #20, Defendant Duncan the office of General Counsel provided that my safety concerns was forwarded to the warden (that's you Mr. Duncan) explain what actions you took after this notification from the office of General Counsel?

**<u>RESPONSE</u>: Defendant objects to this request as vague. Notwithstanding that objection and reserving the same: see response to request 19.**

25. Interrogatorie (sic) #21 Defendant Dunan do you have any knowledge of the Roth report which outline contraband and staffing issues at many SCDC facilitys (sic) including Broad River Correctional Institution?

**<u>RESPONSE</u>: Defendant objects to this request as compound, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding**

**that objection and reserving the same: Defendant has at least some knowledge of the "Roth Report".**

26. Interrogatorie (sic) #22 Defendant Duncan, and as the warden at Broad River Correctional Institution, did you have notice of the roth report prior to the incident on 6-26-2025?

**<u>RESPONSE</u>: Defendant objects to this request as compound, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding that objection and reserving the same: Defendant denies intimate, specific knowledge of the Roth Report.**

27. Interrogatorie (sci) #23 Defendant Duncan prior to the 6-26-2025 incident when Plaintiff was violently attacked was there any documentations of gang violence, inmate on inmate assault, major contraband, dangerous weapons and staff shortages at Broad River Correctional Institution?

**<u>RESPONSE</u>: Defendant objects to this request as vague, compound, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding that objection and reserving the same, these issues have existed in Monticello Dorm in the past, just as they have existed in nearly every prison in existence.**

28. Produce relevant monthly statistical data, shift reports, bond log books, contraband related incident reports including weapons at BRCI.

**<u>RESPONSE</u>: Defendant objects to this request as overly broad, vague, compound, seeking irrelevant materials, and not reasonably calculated to lead to the discovery of admissible evidence.**

29. Interrogatorie (sic) #24 Defendant Ducan upon op 22.47 prison management expectations section 4, warden responsibilities outline for plaintiff your responsibilitys (sic)?

**<u>RESPONSE</u>: Defendant Duncan craves reference to the referenced policy as the best evidence thereof.**

30. Produce that policy and procedure.

**<u>RESPONSE</u>: Defendant objects to this request as vague. Notwithstanding that objection and reserving the same, please see Defendant's response to request 29 above.**

31. Interrogatorie (sic) #25 Defendant Duncan do you agree that staffing shortage at Broad River Correctional Institution creates a safety and security risk to inmates and staff?

**<u>RESPONSE</u>: Defendant objects to this interrogatory as vague and requiring speculation. Notwithstanding that objection and reserving the same, understaffing at any institution is not ideal; however, the South Carolina Department of Corrections strives to properly staff each institution, including attempting to recruit and hire new employees to fill any vacancies.**

32. Interrogatorie (sic) #26 Defendant Duncan on 6-26-2025 was Defendant Lucas actions or inactions in capliance (sic) with SCDC missions and goals? Policy and procedure..

**<u>RESPONSE</u>: Defendant objects to this request as vague and compound. Notwithstanding that objection and reserving the same, Defendant Duncan is unaware of any specific policy violations.**

33. Interrogatorie (sic) #27 Defendant Duncan is it you dutie (sic) and responsibility to train and supervise your employees at Broad River Correctional Institution?

**<u>RESPONSE</u>: Defendant objects to this request as vague, compound, seeking a legal conclusion, and seeking the mental impression of counsel. Notwithstanding that objection and reserving the same, as part of the role of warden, Defendant Duncan provides oversight of training and supervision at Broad River Correctional Institution.**

*[Signature page to follow.]*

DAVIDSON & WREN, P.A.

BY: *s/John P. Grimes, Jr.*
WILLIAM H. DAVIDSON, II ID #425
JOHN P. GRIMES, JR., ID #13808
1611 Devonshire Drive, Second Floor
Post Office Box 8568
Columbia, South Carolina 29202
wdavidson@dml-law.com
atoney@dml-law.com
(803) 806-8222

*Counsel for Defendants*

Columbia, South Carolina
July 2, 2026