**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Charles Carter,<br><br>Plaintiff,<br><br>v.<br><br>Lt. Adora Lucas, Doe Mims, Stephen Duncan, and South Carolina Department of Corrections,<br><br>Defendants. | **C/A No. 9:25-cv-12357-JD-MHC**<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry (DE 72), recommending denial of Plaintiff Charles Carter's Emergency Motion for Temporary Restraining Order (DE 49). The Report was filed July 21, 2026, and mailed to Plaintiff the next day. (DE 72, 73.) No objections were filed, and the time to do so has expired.

Because no party objected, the Court reviews the Report for clear error on the face of the record, rather than de novo. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). Having reviewed the Report, the record, and applicable law, the Court finds no clear error.

The Complaint alleges failures to protect and other constitutional violations arising from events at Broad River Correctional Institution. (DE 1 at 2–19.) By contrast, the emergency motion concerns subsequent threats, medical care, and protective custody at Perry Correctional Institution, and seeks an order requiring Plaintiff's return to Wyoming's correctional custody. (DE 49 at 1–12.) The Magistrate

Judge concluded that the requested relief does not sufficiently relate to the conduct alleged in the Complaint. (DE 72 at 3–4.) The Court discerns no clear error in that conclusion. *See Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

The Report also correctly identifies the four requirements for preliminary injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). (DE 72 at 4–7.) Even assuming for purposes of the motion that Plaintiff could establish a likelihood of success and irreparable harm, he has not shown that the balance of equities and the public interest warrant an order compelling his interstate transfer. Such an order would constitute mandatory relief affecting correctional placement and prison administration. *See Taylor v. Freeman*, 34 F.3d 266, 269–70 & n.2 (4th Cir. 1994); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The Court finds no clear error in the Report's conclusion that Plaintiff has not made the showing required for such relief.

This Order does not resolve the merits of Plaintiff's pending claims or determine whether his allegations concerning safety and medical care at Perry Correctional Institution are well-founded.

Accordingly, the Court **ADOPTS** the Report and Recommendation (DE 72) and **DENIES** Plaintiff's Emergency Motion for Temporary Restraining Order (DE 49).

**IT IS SO ORDERED.**

Joseph Dawson III

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 23, 2026